IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Michael Isaiah Anderson, Jr., | ) | C/A No. 6:23-cv-04041-HMH-KFM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Florence County Detention Center, | ) | |
| Lynette Patton, Michael Brown, Jackie | ) | |
| McGee, LPN C. Taylor, Eric McDaniel, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on the plaintiff's motion for a preliminary injunction and for a temporary restraining order ("TRO") (doc. 20). The plaintiff, a pretrial detainee proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and submit findings and recommendations to the district court.

The plaintiff's complaint was entered on the docket on August 15, 2023 (doc. 1). By orders entered September 6, 2023, October 11, 2023, and October 30, 2023, the plaintiff was informed that his case was not in proper form for review and instructed to provide certain documents to bring his case into proper form (docs. 7; 11; 16). On November 15, 2023, the plaintiff filed a motion seeking entry of a preliminary injunction and a TRO (doc. 20). As addressed below, the undersigned recommends it be denied.

In his motion, the plaintiff has repeated the allegations set forth in his complaint (that he has been exposed to unconstitutional conditions of confinement including harassment and cold/inadequate food), seeking to enjoin the defendants (and people he

asserts are working in concert with the defendants) from exposing him to harsh conditions of confinement (doc. 20). The plaintiff also asserts ineffective assistance of counsel and malicious prosecution in support of his motion (*id*.), although his complaint does not include allegations relating to these claims (*see* doc. 1).

A plaintiff seeking a preliminary injunction or a TRO must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *vacated on other grounds by* 559 U.S. 1089 (2010), *reinstated in relevant part on remand by* 607 F.3d 355 (4th Cir. 2010). A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. *Winter*, 555 U.S. at 22; *Real Truth*, 575 F.3d at 345–46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 555 U.S. at 20–23; *Real Truth*, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the plaintiff's favor. *See Real Truth*, 575 F.3d at 346–47. Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 555 U.S. at 24).

First, it is unclear what immediate harm the plaintiff asserts as supporting his requirement for a TRO – as his motion does not allege any specific immediate harm (*see* doc. 20). Nevertheless, the plaintiff's request for a TRO fails because he has not shown that he is likely to succeed on the merits of his claims. For example, the plaintiff alleges that the acts by the defendants were negligent in nature, which is not actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986). Further, the plaintiff's assertion that he has lost weight because he was served cold food does not allege a claim because while prison officials have a duty to provide inmates with "adequate food," only *extreme*

2

deprivations are actionable under § 1983. *See Scinto v. Stansberry*, 841 F.3d 219, 234 (4th Cir. 2016) (internal citations omitted). Indeed, the plaintiff's assertions that the defendants have denied him medical care because they will not serve him double portions at meals is clearly frivolous as it fails to show any arguable basis in fact or law. *Feurtado v. McNair*, No. 3:05-cv-1933-SB, 2006 WL 1663792, at *2 (D.S.C. Jun. 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), *aff'd*, 227 F. App'x 303 (4th Cir. 2007), *petition for cert. dismissed*, 553 U.S. 1029 (2008). Lastly, to the extent the plaintiff's motion seeks an order requiring Detention Center employees to provide him better conditions of confinement or to be transferred to another Detention Center, the plaintiff seeks relief this court cannot grant because "federal courts do not sit to supervise state prisons." *See Meachum v. Fano*, 427 U.S. 215, 228–29 (1976). As such, the undersigned recommends denying the plaintiff's motion.

## **RECOMMENDATION**

Based upon the foregoing, the plaintiff's motion for a temporary restraining order (doc. 20) should be denied.

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald
United States Magistrate Judge

November 16, 2023
Greenville, South Carolina

**The attention of the parties is directed to the important notice on the next page.**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).