IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Michael Isaiah Anderson, Jr., | ) | |
| | ) | C.A. No. 6:23-4041-HMH-KFM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Lynette Patton, Michael Brown, Jackie McGee, LPN C. Taylor, Eric McDaniel, | ) ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald made in accordance with 28 U.S.C. § 636(b) and District of South Carolina Local Civil Rule 73.02. Plaintiff, a state pretrial detainee proceeding pro se and in forma pauperis, brings this 42 U.S.C. § 1983 action alleging that Defendants violated his constitutional rights by providing him inadequate food and medical treatment. In an order dated December 1, 2023, Magistrate Judge McDonald afforded Plaintiff an opportunity to correct the defects identified in his complaint and further warned Plaintiff that if he failed to file an amended complaint or cure the identified deficiencies, it would be recommended to the district court that the action be dismissed *with prejudice* and without leave for further amendment. (Notice & Order, ECF No. 23.) Plaintiff filed an amended complaint on December 8, 2023.[1] (Am. Compl., ECF No. 26.) In his Report and Recommendation filed on December 19, 2023, Magistrate Judge McDonald recommends dismissing Plaintiff's claims with prejudice, without further leave to

---

[1] Houston v. Lack, 487 U.S. 266 (1988).

amend, and without issuance and service of process because the amended complaint failed to cure the deficiencies in the complaint.  (R&R 5, ECF No. 32.)   Plaintiff has not filed any objections to the Report and Recommendation.  However, on December 17, 2023,[2] Plaintiff filed an amended complaint, which was received on December 21, 2023, and docketed as a motion to supplement his amended complaint. (Mot. Suppl., ECF No. 34.)

 Objections to a report and recommendation must be specific.  A report and recommendation carries no "presumptive weight," and the responsibility for making a final determination remains with the court.  Mathews v. Weber, 423 U.S. 261, 271 (1976).  The court reviews de novo "those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" or "recommit the matter . . . with instructions."  28 U.S.C. § 636(b)(1).  "To trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'"  Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).  In the absence of specific objections, the court reviews only for clear error, Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005), and need not give any explanation for adopting the report, Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

 Upon review, Plaintiff has not filed any specific objections to the substance of the magistrate judge's findings or conclusions.  Further, even considering the proposed amended complaint as objections, it fails to cure the deficiencies in this case because, as with Plaintiff's

---

[2] See Houston v. Lack, 487 U.S. 266 (1988).

previous complaints, it contains general and conclusory allegations and fails to contain any personal allegations against the named Defendants regarding the food and treatment he has received. See Langford v. Joyner, 62 F.4th 122, 125 (4th Cir. 2023) (noting that a complaint must contain "sufficient facts to allow the court to infer liability as to *each* defendant" and finding that plaintiff's complaint failed to meet the Twombly/Iqbal plausibility standard where it "did not identify who the [d]efendants [were] beyond being employees at [the facility], in what capacity each [d]efendant interacted with [plaintiff], or how (or even if) each [d]efendant was responsible for [plaintiff's] medical treatment"); see also Thomas v. Salvation Army S. Territory, 841 F.3d 632, 637 (4th Cir. 2016) (noting that a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as Federal Rule of Civil Procedure 12(b)(6)). Plaintiff's claims plainly fail to meet the plausibility standard. Therefore, having reviewed the Report and Recommendation, the court adopts Magistrate Judge McDonald's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that the motion to supplement his amended complaint, docket number 34, is denied. It is further

**ORDERED** that this action is dismissed with prejudice, without leave to amend, and without issuance and service of process.

**IT IS SO ORDERED.**

                                        s/Henry M. Herlong, Jr.
                                        Senior United States District Judge

Greenville, South Carolina
January 22, 2024

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.